UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MICHAEL W. BRANNIES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:14-CV-00155-WTM-GRS |
| INTERNET ROI, INC. D/B/A AMERICAN OVERLOOK, | ) ) ) |
| Defendant. | ) ) |

## ANSWER

NOW COMES Internet ROI, Inc. ("Defendant") and files its Answer to the Complaint filed by Plaintiff Michael W. Brannies as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

The Complaint should be dismissed for lack of jurisdiction over Defendant.

### THIRD DEFENSE

The Complaint should be dismissed because venue is improper.

### FOURTH DEFENSE

The Complaint should be dismissed for insufficiency of service of process.

### FIFTH DEFENSE

The Complaint should be dismissed to the extent that Plaintiff's claims are barred by applicable limitations periods.

### SIXTH DEFENSE

The Complaint should be dismissed because Defendant had a right to publish the Plaintiff's image, as the result of an express, unrevoked written license to do so, granted to Defendant by a third-party with whom Plaintiff had contracted.

## SEVENTH DEFENSE

Defendant affirmatively alleges that Plaintiff contracted with a third-party whereby he agreed to the publication of his image on the Internet. Consequently, Plaintiff has waived his rights to enforce against Defendant any right to damages in this case.

## EIGHTH DEFENSE

The Complaint should be dismissed to the extent that Plaintiff failed to fully comply with or reasonably attempt to comply with his s duty to mitigate damages.

## NINTH DEFENSE

The Complaint should be dismissed to the extent that Plaintiff seeks equitable remedies but comes to the Court with unclean hands and is otherwise barred by concepts of fairness and equity.

## TENTH DEFENSE

The Complaint should be dismissed because Defendant at all times complied with applicable laws, and acted reasonably and in good faith.

## ELEVENTH DEFENSE

An award of punitive damages against Defendant would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, Section I, Paragraph I of the Constitution of Georgia of 1983.

## TWELFTH DEFENSE

Within seven days of receiving Plaintiff's written demand, Defendant removed Plaintiff's image from its website and issued a conspicuous retraction and correction regarding its previous

publication. Plaintiff is thus statutorily barred from receiving punitive damages in connection with the allegedly libelous publication of his image in this matter. O.C.G.A. § 51-5-11.

## THIRTEENTH DEFENSE

Subject to and without waiving the above-stated defenses, Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

1. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies the same.

2. Defendant admits that it is a Massachusetts corporation. Defendant further admits that, from June 2012 to July 2, 2014, Alissa Cole was its Registered Agent. Defendant denies the remainder of the allegations contained in Paragraph 2 of Plaintiff Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant incorporates its foregoing responses to Paragraphs 1 through 3 as if fully set forth herein.

5. Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint to the extent it alleges Defendant published an image of Plaintiff on its website. Defendant denies the remainder of the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits that on its page was a video, which video speaks for itself. Defendant lacks knowledge or information sufficient to form a belief regarding whether "Plaintiff had nothing to do with this incident and was not involved in the matter whatsoever" and therefore denies the remainder of the allegations contained in Paragraph 6 of Plaintiff's

Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint to the extent it broadly alleges that access to the Internet is widely available. Defendant denies the remainder of the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits that it obtained a copy of the photograph of Plaintiff from Shutterstock, Inc. Defendant denies the remainder of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant incorporates its foregoing responses to Paragraphs 1 through 11 as if fully set forth herein.

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies each and every other allegation of Plaintiff's Complaint not specifically admitted herein, denies that it committed any act or omitted to perform any act giving rise to the imposition of liability of damages against it, and denies that Plaintiff is entitled

to any relief against Defendant, including that specifically prayed for in Plaintiff's Complaint.

This 21st day of July, 2014.

                HUNTER, MACLEAN, EXLEY & DUNN, P.C.

                /s/ Rachel Young Fields
                Shawn A. Kachmar
                Georgia Bar Number 405723
                Rachel Young Fields
                Georgia Bar Number 747407
                Attorneys for Internet ROI, Inc.

200 E. Saint Julian Street
Post Office Box 9848
Savannah, GA 31412-0048
(912) 236-0261
skachmar@huntermaclean.com
rfields@huntermaclean.com

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MICHAEL W. BRANNIES,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>INTERNET ROI, INC. D/B/A AMERICAN  )<br>OVERLOOK,  )<br>)<br>Defendant.  ) | Case No. 4:14-CV-00155-WTM-GRS |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **ANSWER** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, properly addressed to the following:

Dwight T. Feemster                    Tom A. Edenfield
Duffy & Feemster                      217 W. York Street
Post Office Box 10144                 Savannah, Georgia  31401
Savannah, Georgia 31412

This 21st day of July, 2014

                            Respectfully submitted,
                            HUNTER, MACLEAN, EXLEY & DUNN, P.C.

                            /s/ Rachel Young Fields
                            Shawn A. Kachmar
                            Georgia Bar No. 405723
                            Rachel Young Fields
                            Georgia Bar No. 747407
                            *Attorneys for Defendant*

200 E. Saint Julian Street
Post Office Box 9848
Savannah, GA 31412-0048
Telephone: (912) 236-0261
skachmar@huntermaclean.com
rfields@huntermaclean.com