**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| MICHAEL W. BRANNIES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14-CV-00155-WTM-GRS |
| | ) |
| INTERNET ROI, INC. D/B/A AMERICAN | ) |
| OVERLOOK, | ) |
| | ) |
| Defendant. | ) |

**PROPOSED DISCOVERY PLAN**

COME NOW Plaintiff Michael W. Brannies and Defendant Internet ROI, Inc. and

pursuant to this Court's September 12, 2014 Order submits this proposed discovery plan.  The

parties have conferred on three occasions in a good faith effort to agree on the scope of

jurisdictional discovery.  The parties have narrowed the disputed areas considerably, but as

described herein, are unable to reach agreement entirely.  The parties have included a time period

to further attempt to resolve any remaining discovery disputes after Defendant serves written

responses and objections to Plaintiff's Interrogatories and Requests for Production of

Documents.

1. **Scope of Discovery**

Discovery shall be limited at present to the issue of personal jurisdiction.  Specifically,

the parties have agreed that Plaintiff shall propound and Defendant shall respond to the following

Interrogatories and matters reasonably related thereto:

1. Please identify the number of unique visitors from the State of Georgia to the
   American Overlook Site for each month for the periods of July 2013 to August
   2014.

2.      Please identify the total impressions for the visitors identified in Interrogatory Number 1 for each month from July 2013 through August 2014.   Said identification can be made per day, per week, or per month.

3.      Please identify the total number of impressions per month for all visitors for the period set forth in Interrogatory number 1.

5.      Please identify each advertiser who paid for advertising on the site for any or all of the period set forth in Interrogatory 1.

6.      Please identify every Georgia resident or entity located in Georgia with whom you have or have had an affirmative linking arrangement for any period from July 2013 to the present, and state the amounts you pay to each person or entity, if any.

7.      Please identify the name, address and telephone number of the person or persons who created the article at issue in this case (including the person or persons who compiled any graphics, pictures, video and code associated with said article), and the location of the computer and/or server(s) from which the article was distributed.

8.      Please identify each and every person or entity that contributes articles for publication on your site, or perform(ed) any services associated with the site for the period of July 2013 to the present, including writing articles, IT related services, web design, or any other services related to the creation and publishing of any information that appears on the American Overlook website(s), or the maintenance or marketing of said site.

9.      Please identify each and every server which you use or operate as part of your publishing efforts by location address, name of owner and address.

10.     Please identify each and every location wherein you contend that the company has an office, and state the nature of the activities conducted therein, and the employees occupying that location.

11.     Please identify by name, address and position in the company the person or persons who assisted in responding to these Interrogatories and Requests for Production.

12.     Please identify by name, address and position in the company the person, or persons, who is the primary custodian of the records produced in response to the Requests for Production of Documents filed contemporaneously herewith.

Further, the parties have agreed that Plaintiff shall propound and Defendant shall respond to the following Requests for Production of Documents and matters reasonably related thereto:

1.      Please produce any and all advertising or marketing agreements you have with any person or entity that was in place at any time between July 1, 2013 and the present.

2.      Please produce any contracts you have or had with any employee or contractor who perform(ed) any of the following services associated with the site for the same period: writing articles, IT related services, web design, or any other services related to the creation and publishing of any information that appears on the American Overlook website(s), or the maintenance or marketing of said site.

3.      Please produce any documentation of linking arrangements with any Georgia resident or entity with a location in the State of Georgia for which you keep a record, whether or not said linking is compensated.

4.      Please produce any and all documentation demonstrating all analysis of website activity with regard to the article in question during the period of time Plaintiff's image appeared with the article, including such analysis showing unique site visitors, impressions, and other information regarding such visitors.

5.      Please produce the data used or relied upon to respond to Interrogatory number 2

6.      Please produce the data used or relied upon to respond to Interrogatory number 3

Plaintiff shall further submit the following written discovery to the Defendant. Defendant reserves the right to dispute that the following Interrogatories and Requests for Production of Documents are reasonably calculated to lead to the discovery of admissible evidence regarding whether this Court has personal jurisdiction over the Defendant or otherwise object to responding to the same:

INTERROGATORY NUMBER 4.   Please identify the cost per impression or cost per action paid to you by each advertiser on your site for the Period set forth in Interrogatory number 1. This seeks the unit cost, rather than actual income information, i.e. "Advertiser A pays .05 per 100 impressions (or however that unit cost is calculated)".

REQUEST TO PRODUCE NUMBER 7.     Please produce the data used or relied upon to respond to Interrogatory number 4

REQUEST TO PRODUCE NUMBER 8.    Please produce a copy of the company's articles of incorporation and bylaws, as well as all portions of meeting minutes or corporate resolutions which reveal or concern business locations, the location(s) of business operations, or which involve or concern any business activities in the State of Georgia, business activities directed at the State of Georgia, or which otherwise mention the State of Georgia.

4

## 2.   Timing of Discovery

(a)   Plaintiffs shall serve on the date of filing this Plan Interrogatories and Requests for Production of Documents pursuant to Fed. R. Civ. P. 33 and 34 and in substantially in the form outlined in Section 1 above.

(b)   Defendants shall serve objections and responses to Plaintiff's Interrogatories and Requests for Production of Documents within 14 days.

(c)   The parties shall have 14 days to resolve any discovery disputes regarding the responses or file appropriate motions with the Court.  Plaintiff may also during this time take such measures as are necessary to initiate written discovery to third parties, if Plaintiff deems such action necessary and subject to any objections by Defendant to such third party discovery.

(d)   Plaintiff shall have 20 days after the resolution of issues in 2(c) to complete a deposition:

(i)   Of the person or persons identified in response to Interrogatory numbers 11 and/or 12; or

(ii)   Pursuant to Fed. R. Civ. P 30(b)(6) limited to the scope set forth in Section 1.

## 3.   Objections Preserved

Nothing in this Discovery Plan shall be interpreted to require disclosure of confidential information or documents, irrelevant information or documents or relevant information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The Parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents.

4.      **Response to Motion**

Plaintiff shall file its final supplemental response to Defendant's Motion to Dismiss

within 14 days of the completion of the discovery set forth in Section 2.  Defendant will have 14

days to file a reply to Plaintiff's supplemental response.

Submitted this 9 day of October, 2014.

DUFFY & FEEMSTER, LLC


/s/Dwight T. Feemster
DWIGHT T. FEEMSTER
State Bar No. 257253
MATTHEW M. BUSH
State Bar No. 098815
*Attorneys for Plaintiff*

P. O. Box 10144
Savannah, GA 31412
(912) 236-6311
(912) 238-4200   FAX


HUNTER, MACLEAN, EXLEY & DUNN, P.C.


/s/ Rachel Young Fields
Shawn A. Kachmar
Georgia Bar No. 405723
Rachel Young Fields
Georgia Bar No. 747407
*Attorneys for Defendant*

200 E. Saint Julian Street
Post Office Box 9848
Savannah, GA 31412-0048
Telephone: (912) 236-0261
skachmar@huntermaclean.com
rfields@huntermaclean.com