IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF GEORGIA
SAVANNAH DIVISION

MICHAEL W. BRANNIES,                    )
                                        )
          Plaintiff                     )
                                        )
v.                                      )     CASE NO.:
                                        )     4:14-cv-00155-WTM-GRS
INTERNET ROI, INC., D/B/A               )
OVERLOOK,                               )
                                        )
          Defendant.                    )

## PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT

COMES NOW MICHAEL W. BRANNIES, the Plaintiff in the above-styled

civil action, and files this his Motion to Amend his Complaint, and shows the

Court the following:

On July 21, 2014, this Court entered a General Order (Doc. 4). That Order

provided as follows:

> Except in unusually protracted or complex cases, the
> parties will be expected to adhere to the following
> deadlines and limitations:
>
> 4.    The last date for *filing motions to add or join*
> *parties or amend the pleadings* is **60 days** after the
> first answer of the defendants named in the original
> complaint. L.R. 16.3.

Local Rule 16.3 of the Rules for Civil Cases and Administrations of the

Court for the Southern District of Georgia provides as follows:

> All motions in civil cases wherein a party seeks to add
> or join another party under Federal Rules of Civil
> Produce 19 through 22, or to amend the pleadings
> under Federal Rules of Civil Procedure 15 shall be

filed within 60 days after the issue is joined in the case
by the filing of an answer.

The original pleading filed by the Defendant in this case was a Motion to Dismiss. (Doc. 7). Then an Answer was filed by the Defendant. (Doc. 8). The Motion to Dismiss raised the defenses of personal jurisdiction on the Long Arm provisions and improper service.   The Answer addressed all three prongs of O.C.G.A. §9-10-91(1), (2), (3). Despite the provisions of the Order, no Rule 26(f) conference was ever held, nor was any report ever filed with the Court. However, the parties did file a Discovery Plan which was incorporated by the Court's Order. (Doc. 24).   On October 20, 2014, the Defendant produced Answers to Interrogatories and Request for Production of Documents which provided information to support assertions that the Defendant had engaged in a persistent course of conduct and raised substantial revenue by his contacts with the State of Georgia; i.e. the Defendant has between 49,000 and 163,000 impressions on its website from the State of Georgia per month. (Exhibit A attached hereto, pp 2-6). The proposed Amendment to the Complaint is attached hereto as Exhibit B.

Within 60 days of receiving the information establishing the persistent course of conduct and possible substantial revenue, the Plaintiff now moves this Court for an Order allowing him to Amend his Complaint to allege facts to support a Long Arm jurisdiction in this Court under Subsection 3 of O.C.G.A. §9-10-91.

WHEREFORE, the Plaintiff moves this Court to allow him to file the proposed Amendment to his Complaint.

Respectfully submitted this 18th day of December, 2014.

DUFFY & FEEMSTER, LLC

/s/ Dwight T. Feemster
DWIGHT T. FEEMSTER
State Bar No. 257253
Attorney for Plaintiff

P. O. Box 10144
Savannah, GA 31412
(912) 236-6311
(912) 238-4200   FAX

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| MICHAEL W. BRANNIES, | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:14-CV-00155-WTM-GRS |
| INTERNET ROI, INC., d/b/a AMERICAN OUTLOOK | ) ) ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND INTERROGATORIES TO DEFENDANT

COMES NOW Internet ROI, Inc. (hereinafter "Defendant"), in the above-styled case and responds to "Plaintiff's Second Interrogatories to Defendant" (the "Interrogatories").

## INTRODUCTION

On September 12, 2014, the Court entered an Order requiring the parties to confer in good faith over jurisdictional discovery that would help resolve the question whether the Court has personal jurisdiction over Defendant in this case. The parties submitted a Proposed Discovery Plan which was adopted and entered by the Court. By Order of the Court, discovery is limited to issues related solely to personal jurisdiction over the Defendant. Defendant expressly reserves all objections to the relevance, admissibility or discoverability of any information sought by these Interrogatories insofar as it may potentially relate to the substantive claims in the litigation. Defendant maintains its objection that this Court lacks personal jurisdiction over it and does not waive said objection by responding to these Interrogatories.

The responses set forth below are made without in any manner waiving (1) the right to object to the use of any response for any purpose, in this action or any other action, on the

1012201-2                          Page 1 of 11

EXHIBIT
A

grounds of privilege, relevance, materiality or any other appropriate grounds; (2) the right to object to any other document requests involving or relating to the subject matter of the responses herein; and (3) the right to revise, correct, supplement or clarify any of the responses provided below, at any time.

Defendant objects to the notes and instructions contained in the Interrogatories to the extent they seek to impose obligations on Defendant beyond what is required by law. Defendant will comply with the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Defendant responds to each Interrogatory as follows:

## RESPONSES

**INTERROGATORY NO. 1:** Please identify the number of unique visitors from the State of Georgia to the American Overlook Site for each month for the periods of July 2013 to August 2014.

**RESPONSE:** Defendant objects to Interrogatory No. 1 because it seeks information that it is not relevant or reasonably calculated to lead to the discovery of admissible evidence related to the issue of personal jurisdiction over Defendant. Subject to and without waiving the foregoing objections, Defendant responds to Interrogatory No. 1 as follows:

July 2013: 49,256

August 2013: 64,113

September 2013: 77,057

October 2013: 89,768

November 2013: 91,754

December 2013: 127,188

1012201-2                                  Page 2 of 11

January 2014: 158,520

February 2014: 90,473

March 2014: 89,086

April 2014: 90,206

May 2014: 90,385

June 2014: 92,131

July 2014: 89,719

**INTERROGATORY NO. 2:** Please identify the total impressions for the visitors identified in Interrogatory Number 1 for each month from July 2013 through August 2014. Said identification can be made per day, per week, or per month.

**RESPONSE:** Defendant objects to Interrogatory No. 2 because it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence related to the issue of personal jurisdiction over Defendant. Defendant further objects that Interrogatory No. 2 is vague and ambiguous in that the word "impressions" is undefined. Answering further, Defendant responds to this Interrogatory with the understanding that "impressions" means "page views." Subject to and without waiving the foregoing objections, Defendant responds to Interrogatory No. 2 as follows:

July 2013: 80,530

August 2013: 132,497

September 2013: 194,009

October 2013: 215,334

November 2013: 254,430

December 2013: 265,852

January 2014: 310,757

February 2014: 202,592

March 2014: 217,139

April 2014: 269,066

May 2014: 334,885

June 2014: 348,653

July 2014: 322,138

**INTERROGATORY NO. 3:** Please identify the total number of impressions per month for all visitors for the period set forth in Interrogatory number 1.

**RESPONSE:**  Defendant objects to Interrogatory No. 3 because it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence related to the issue of personal jurisdiction over Defendant.  Defendant further objects that Interrogatory No. 3 is vague and ambiguous in that the word "impressions" is undefined.   Answering further, Defendant responds to this Interrogatory with the understanding that "impressions" means "page views."   Subject to and without waiving the foregoing objections, Defendant responds to Interrogatory No. 3 as follows:

July 2013: 1,701,375

August 2013: 2,577,654

September 2013: 4,482,461

October 2013: 4,645,022

November 2013: 5,610,156

December 2013: 5,680,960

January 2014: 7,931,257

February 2014: 5,050,866

March 2014: 5,506,329

April 2014: 6,882,321

May 2014: 7,964,604

June 2014: 7,979,614

July 2014: 7,398,984

**INTERROGATORY NO. 4:** Please identify the cost per impression or cost per action paid to you by each advertiser on your site for the Period set forth in Interrogatory number 1. This seeks the unit cost, rather than a total, i.e. "Advertiser A pays .05 per 100 impressions (or however that unit cost is calculated)".

**RESPONSE:** Defendant objects to Interrogatory No. 4 because it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence related to the issue of personal jurisdiction over Defendant.

**INTERROGATORY NO. 5:** Please identify each advertiser who paid for advertising on the site for any or all of the period set forth in Interrogatory 1.

**RESPONSE:** Defendant objects to Interrogatory No. 5 because it is overly broad and unduly burdensome. Defendant further objects to Interrogatory No. 5 because it seeks information that it is not relevant or reasonably calculated to lead to the discovery of admissible evidence related to the issue of personal jurisdiction over Defendant. Subject to and without waiving the foregoing objections, after a diligent search for responsive information, Defendant responds to Interrogatory No. 5 as follows:

Criteo S.A.

Taboola, Inc.

Google Inc.

W4

J Carter Marketing, Inc.

WAM Media LLC

NutraClick LLC

Neverblue

Yabuka Media, Inc

Casale Media Inc.

News Distribution Network, Inc.

YieldSelect

GumGum, Inc.

Adsupply, Inc.

Media Force Ltd.

Advertising.com LLC

Adblade

Adfluent Media Inc.

A4D

**INTERROGATORY NO. 6:** Please identify every Georgia resident or entity located in Georgia with whom you have or have had an affirmative linking arrangement for any period from July 2013 to the present, and state the amounts you pay to each person or entity, if any.

**RESPONSE:**  Defendant objects to Interrogatory No. 6 because it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence related to the

issue of personal jurisdiction over Defendant. Subject to and without waiving the foregoing objections, Defendant answers that, upon information and belief, it has never entered into an affirmative linking arrangement with any Georgia resident or entity located in Georgia.

**INTERROGATORY NO.** 7: **Please identify the name, address and telephone number of the person or persons who created the article at issue in this case (including the person or persons who compiled any graphics, pictures, video and code associated with said article), and the location of the computer and/or server(s) from which the article was distributed.**

RESPONSE: Defendant objects to Interrogatory No. 7 because it is overly broad and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence related to the issue of personal jurisdiction over Defendant. Subject to and without waiving the foregoing objections, Kirsten Hunter and Doug Frankel created the article that is at issue in this case. Ms. Hunter and Mr. Frankel are residents of North Carolina and New Jersey, respectively, and may be contacted through undersigned counsel. Answering further, Defendant's website is hosted from a single server that it rents from Amazon.com, Inc. Upon information and belief, that server is located in Northern Virginia.

**INTERROGATORY NO. 8:** **Please identify each and every person or entity that contributes articles for publication on your site, or perform(ed) any services associated with the site for the period of July 2013 to the present, including writing articles, IT related services, web design, or any other services related to the creation and publishing of any information that appears on the American Overlook website(s), or the maintenance or marketing of said site.**

RESPONSE: Defendant objects to Interrogatory No. 8 because it is overly broad and unduly burdensome. Defendant further objects to Interrogatory No. 8 because it seeks information that

is not relevant or reasonably calculated to lead to the discovery of admissible evidence related to the issue of personal jurisdiction over Defendant.  Subject to and without waiving the foregoing objection, after a diligent search for responsive information, Defendant responds to Interrogatory No. 8 as follows:

Nick Paiva - Massachussetts

JD Elliott - Massachussetts

Nicole Freeman - Massachussetts

Katie Galgano - Massachussetts

Chris Cole - Massachussetts

Doug Frankel - New Jersey

Kirsten Hunter - North Carolina

John Melia - Massachussetts

Kristen Tate - New Hampshire

Deirdre Reilly - Massachussetts

Odesk.com

Shutterstock

WPMUdev

Getty

Amazon

istockphoto

Campaigner

Godaddy

Push Woosh

Facebook

Apple

Flurry

**INTERROGATORY NO. 9:** Please identify each and every server which you use or operate as part of your publishing efforts by location address, name of owner and address.

RESPONSE: Defendant objects to Interrogatory No. 9 because it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence related to the issue of personal jurisdiction over Defendant. Subject to and without waiving the foregoing objection, Defendant's website is hosted from a single server that it rents from Amazon.com, Inc. Upon information and belief, that server is located in Northern Virginia.

**INTERROGATORY NO. 10:** Please identify each and every location wherein you contend that the company has an office, and state the nature of the activities conducted therein, and the employees occupying that location.

RESPONSE: Defendant objects to Interrogatory No. 10 to the extent that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence related to the issue of personal jurisdiction over Defendant. Subject to and without waiving the foregoing objections, Defendant's office, from which all its business is conducted, is located at 745 Atlantic Avenue, Level 3, Boston, Massachusetts 02111. Defendant's only employee not located at 745 Atlantic Avenue, Level 3, Boston Massachusetts 02111 is Doug Frankel who works from his home in New Jersey.

**INTERROGATORY NO. 11:** Please identify by name, address and position in the company the person or persons who assisted in responding to these Interrogatories and Requests for Production.

**RESPONSE:** Chris Cole assisted in responding to these Interrogatories and Requests for Production. Mr. Cole serves as Defendant's president and can be contacted through undersigned counsel.

**INTERROGATORY NO. 12: Please identify name, address and position in the company the person, or persons, who is the primary custodian of the records produced in response to the Requests for Production of Documents filed contemporaneously herewith.**

**RESPONSE:** Chris Cole serves as the primary custodian of the records produced in response to Plaintiff's Second Requests for Production of Documents. Mr. Cole serves as Defendant's president and can be contacted through undersigned counsel.

This 23rd day of October, 2014.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

Shawn A. Kachmar
Georgia Bar Number 405723
Rachel Young Fields
Georgia Bar Number 747407
Attorneys for Internet ROI, Inc.

200 E. Saint Julian Street
Post Office Box 9848
Savannah, GA 31412-0048
Telephone: (912) 236-0261
Facsimile: (912) 236-4936
Email: skachmar@huntermaclean.com
Email: rfields@huntermaclean.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF GEORGIA
SAVANNAH DIVISION

MICHAEL W. BRANNIES,           )
                               )
        Plaintiff              )
                               )
v.                             )        CASE NO.:
                               )        4:14-cv-00155-WTM-GRS
INTERNET ROI, INC., d/b/a      )
OVERLOOK,                      )
                               )
        Defendant.             )

## PLAINTIFF'S AMENDMENT TO HIS COMPLAINT

COMES NOW MICHAEL W. BRANNIES, the Plaintiff in the above-styled civil action, and Amends his Complaint as follows:

1.

By deleting in its entirety the allegations of paragraph 9 of the Plaintiff's Complaint, and inserting in lieu thereof the following:

> The Defendant is subject to the jurisdiction of this Court under the Georgia Long Arm statute. The Defendant does or solicits business, or engages in other persistent courses of conduct, or derives substantial revenue from goods used or consumed for services rendered in this state. More particularly, the Defendant publishes a website which is seen by residents of the State of Georgia in Georgia. As a result of the contacts, impressions, clicks, or visits to


EXHIBIT B

the website by Georgia residents the Defendant does by contract with the advertisers earn revenue each time a Georgia resident clicks, visits, or impresses upon the website.   As a result, the Defendant has engaged in a persistent course of conduct and derives substantial revenue from goods used or consumed for services rendered in the State of Georgia.

Respectfully submitted this _____ day of December, 2014.

DUFFY & FEEMSTER, LLC

/s/ Dwight T. Feemster
DWIGHT T. FEEMSTER
State Bar No. 257253
Attorney for Plaintiff

P. O. Box 10144
Savannah, GA 31412
(912) 236-6311
(912) 238-4200   FAX

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MICHAEL W. BRANNIES,        )
                                )
      Plaintiff,            )
                                )
vs.                         )  Case No. 4:14-CV-00155-WTM-GRS
                                )
INTERNET ROI, INC., d/b/a     )
AMERICAN OUTLOOK        )
                                )
      Defendant.        )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND INTERROGATORIES TO DEFENDANT** upon all parties to this matter via hand delivery to:

Dwight T. Feemster, Esq.        Tom A. Edenfield, Esq.
Duffy & Feemster, LLC          217 W. York Street
236 E. Oglethorpe Ave         Savannah, Georgia 31401
Savannah, Georgia 31401

This 23rd day of October, 2014.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

Shawn A. Kachmar
Georgia Bar Number 405723
Rachel Young Fields
Georgia Bar Number 747407
Attorneys for Internet ROI, Inc.

200 E. Saint Julian Street
Post Office Box 9848
Savannah, GA 31412-0048
Telephone: (912) 236-0261
Facsimile: (912) 236-4936
Email: skachmar@huntermaclean.com
Email: rfields@huntermaclean.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| MICHAEL W. BRANNIES, | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NO.: |
| | ) | 4:14-cv-00155-WTM-GRS |
| INTERNET ROI, INC., d/b/a | ) | |
| OVERLOOK, | ) | |
| | ) | |
|     Defendant. | ) | |

## PLAINTIFF'S AMENDMENT TO HIS COMPLAINT

COMES NOW MICHAEL W. BRANNIES, the Plaintiff in the above-styled civil action, and Amends his Complaint as follows:

1.

By deleting in its entirety the allegations of Paragraph 8 of the Plaintiff's Complaint, and inserting in lieu thereof the following:

The Defendant is subject to the jurisdiction of this Court under the Georgia Long Arm Statute, O.C.G.A. § 9-11-91, as Defendant transacts business within this State, and also committed a tortious injury in this state and regularly does or solicits business in the State, engages in other persistent course of conduct, and derives substantial revenue from goods used or consumed or services rendered in this state. More particularly, the Defendant publishes an interactive website which it continuously directs to residents of the State of Georgia and is in fact visited by thousands of residents of the State of Georgia each month. Moreover,



Defendant publishes the content of the website for the purpose of drawing visitors and Defendant earns substantial revenue from Georgia residents interacting with the site. Furthermore, upon information and belief, Defendant by means of hardware and/or software it uses on its website, interacts with each user computer and gathers and records information from each user's computer about that user. Upon information and belief, software from the site further deposits "cookies" onto the individual user computer in Georgia. All said interaction is toward the collection of data used by Defendant to collect compensation.

2.

By correcting the title to Count II of the Complaint, to "INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS".

Respectfully submitted this _____ day of December, 2014.

DUFFY & FEEMSTER, LLC

_____
DWIGHT T. FEEMSTER
State Bar No. 257253
Attorney for Plaintiff

P. O. Box 10144
Savannah, GA 31412
(912) 236-6311
(912) 238-4200  FAX

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF GEORGIA
SAVANNAH DIVISION

MICHAEL W. BRANNIES,                )
                                    )
        Plaintiff                   )
                                    )
v.                                  )        CASE NO.:
                                    )        4:14-cv-00155-WTM-GRS
INTERNET ROI, INC., D/B/A           )
OVERLOOK,                           )
                                    )
        Defendant.                  )

## ORDER ON PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT

The Plaintiff's Motion to Amend his Complaint having been read and considered, the Court finds that good cause exists for the same and the Court hereby GRANTS the Plaintiff's Motion to Amend his Complaint. The Plaintiff is allowed to file his Amendment to his Complaint.

SO ORDERED this _____ day of _____, 2014.

                            _____
                            G. R. SMITH, MAGISTRATE JUDGE
                            USDC, SDGA, SAVANNAH DIVISION

PREPARED BY:

DWIGHT T. FEEMSTER
State Bar No. 257253
Attorney for Plaintiff
P. O. Box 10144
Savannah, GA 31412
(912) 236-6311